IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERECK CHRISTOPHER VINDIOLA, | No. 2:12-CV-2787-JAM-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| JILL HALL, et al., | |
|     Defendants. | |
| _____/ | |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1). Also pending before the court is plaintiff's motion for appointment of counsel (Doc. 9).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Jill Hall and C. Barroge.  Plaintiff claims that, after "completing the act of lacerating [his] left wrist," defendant Hall, a prison nurse, "purposely neglected medical attention."  Plaintiff then kicked the door of his cell in order to get medical attention.  Defendant Barroge responded and ordered plaintiff out of his cell whereupon he was placed in restraints.  Plaintiff was then evaluated by prison doctors who recommended that plaintiff should be placed on suicide watch.  Instead, he was placed in a "management cell."  Plaintiff adds that Hall never tended to his wrist laceration despite having witnessed the cuts herself.  According to plaintiff, after she was aware that his wrist was lacerated, Hall simply "advised me to utilize the inmate appeal system."

## II. SUFFICIENCY OF THE COMPLAINT

Plaintiff's allegations against defendant Hall, construed liberally and taken as true, could entitle him to relief on the theory that defendant Hall was deliberately indifferent to the serious medical need presented by plaintiff's wrist laceration and apparent attempted suicide.  As to defendant Barroge, however, the court can discern no legal theory or facts plead which would entitled plaintiff to relief.  According to plaintiff, Barroge responded after plaintiff kicked his cell

door. After being placed in restraints, plaintiff was seen by a prison doctor. Plaintiff does not allege any excessive force used during the course of being placed in restraints and the court cannot see how Barroge's alleged conduct could have amounted to deliberate indifference to his medical situation. According to plaintiff, it was Barroge who responded to plaintiff's call for medical attention. Plaintiff will be provided an opportunity to amend his complaint to allege facts which would show Barroge's liability.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. In this case, based on the allegations in the complaint, the court finds that plaintiff appears to have the ability to articulate his claims. As to a likelihood of success on the merits, at this early stage in the proceedings the merits of the case are simply impossible to evaluate. Thus, the court cannot say that this case presents exceptional circumstances on this factor.

### IV. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by

amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for appointment of counsel (Doc. 9) is denied; and

2.   Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

DATED: January 23, 2013

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE